**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DEBORAH L. KIBBLE,<br><br>　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>COMMISSIONER SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　　Defendant - Appellee. | No. 13-35272<br><br>D.C. No. 4:12-cv-00024-SEH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted August 27, 2014[**]
Seattle, Washington

Before:  NOONAN, GRABER, and CHRISTEN, Circuit Judges.

Claimant Deborah L. Kibble seeks review of the Commissioner's denial of

Social Security Disability Insurance Benefits, which the district court upheld.

---

    [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**] The panel unanimously concludes that this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

Reviewing de novo, Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012), we affirm.

1. The administrative law judge ("ALJ") provided "sufficiently specific" findings to reject Claimant's subjective testimony, relying on contrary medical evidence and self-reports of everyday activities. Bunnell v. Sullivan, 947 F.2d 341, 345–46 (9th Cir. 1991) (en banc); see also Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996) (holding that an ALJ may reject a claimant's subjective testimony in reliance on reports of activities of daily living that are transferable to a work setting). Claimant could, for example, do puzzles, cook, wash dishes, do laundry, plant flowers, shop, and care for pets. The ALJ also cited the lack of restrictions placed on Claimant by her treating physicians, the lack of objective findings supporting her subjective complaints, and her physicians' contradictory reports of her abilities. Accordingly, substantial evidence supported the ALJ's finding that Claimant lacked credibility regarding the extent of her pain and limitations. See Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1196–97 (9th Cir. 2004) (holding that lack of objective medical evidence combined with contradictory testimony by the claimant and contradictory findings by physicians "constitute substantial evidence in support of the ALJ's negative credibility determination"). Although the ALJ also relied on some questionable additional reasons, such as

Claimant's failure to quit smoking and expression of pain during examination, any error was harmless. Id. at 1197.

2.      The ALJ provided "specific and legitimate" reasons to reject the contradicted testimony of Dr. Wood, a treating physician. Lester, 81 F.3d at 830 (internal quotation marks omitted). The ALJ met that burden "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks omitted).

In particular, the ALJ found that Dr. Wood's opinion that Claimant could not return to her earlier work was contradicted by Dr. Wood's own report and notes, as well as by the testimony of other examining physicians. See Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (holding that a physician's testimony may be rejected when it contradicts the physician's own notes). The ALJ cited: (1) Dr. Wood's notes, which called Claimant's MRI results "not that impressive"; (2) Dr. Wood's speculation that Claimant could work and was ineligible for disability; (3) the lack of restrictions placed on Claimant despite her subjective complaints of pain; and (4) Dr. Wood's lack of physical examination findings.

3

In rejecting Dr. Wood's conclusion, the ALJ also found that Claimant's statements regarding her symptoms were not credible. In the absence of physical examination findings, Dr. Wood's diagnosis rested solely on Claimant's subjective complaints. See Tommasetti, 533 F.3d at 1041 ("An ALJ may reject a treating physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible." (internal quotation marks omitted)).

To the extent that Dr. Wood's report contained opinions on Claimant's disability status, the ALJ was not required to defer to a physician on the ultimate determination of disability, McLeod v. Astrue, 640 F.3d 881, 884 (9th Cir. 2011); 20 C.F.R. § 404.1527(d)(3).

3. The ALJ did not err in failing to provide reasons for rejecting the testimony of Dr. Rushworth because the ALJ did not reject Dr. Rushworth's testimony. In fact, the ALJ included in Claimant's residual functional capacity assessment the limitation that Claimant could perform only work that required one-to-one interaction—a limitation that exceeded Dr. Rushworth's opinion.

4. The ALJ provided "specific and legitimate" reasons to reject the contradicted testimony of Dr. Hurd, an examining physician. Lester, 81 F.3d at 830. The ALJ found that Dr. Hurd's opinion about Claimant's work limitations was contradicted by his own report, which lacked objective findings and in which

4

he opined that Claimant's subjective complaints were out of proportion to the physical examination findings. Dr. Hurd's testimony that Claimant was able to perform "at least" sedentary work, did not restrict Claimant to sedentary work only, and did not contradict the ALJ's finding that Claimant could engage in light work.

5. Finally, the ALJ permissibly weighed conflicting medical evidence, and he included in the residual functional capacity determination all limitations supported by substantial evidence. Thomas v. Barnhart, 278 F.3d 947, 956–57 (9th Cir. 2002). Accordingly, the hypothetical posed to the vocational expert was complete.

**AFFIRMED.**